IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DWAYNE SCOTT POTTER, | § | |
| | § | |
| Petitioner, | § | |
| | § | No. 3:13-cv-2071-D-BN |
| V. | § | |
| | § | Consolidated With |
| WILLIAM STEPHENS, Director | § | No. 3:13-cv-4032-D-BN |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Dwayne Scott Potter, a Texas prisoner, has filed two applications for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the applications should be dismissed on limitations grounds.

**Background**

Petitioner was charged with arson and unlawful possession of a firearm by a Navarro County grand jury. Petitioner entered guilty pleas to both offenses in a single proceeding and was sentenced to concurrent terms of 8 years imprisonment. Petitioner did not file a direct appeal. Instead, he filed four applications for state post-conviction relief – two for each count of conviction. The first set of applications were denied without written order. *See Ex parte Potter*, WR-78,282-01 & WR-78,282-02 (Tex. Crim. App. Oct. 17, 2012). The second set of applications were dismissed as subsequent pursuant to Article 11.07, Section 4. *See Ex parte Potter*, WR-78,282-03 & WR-78,282-04 (Tex. Crim. App. Mar. 6, 2013).

Petitioner then filed these two actions in federal district court, claiming that he is actually innocent of the offenses of conviction, his guilty pleas were involuntary, the prosecutor committed acts of misconduct, and he received ineffective assistance of counsel. Respondent filed a preliminary response in which he argues that this case is barred by the Antiterrorism and Effective Death Penalty Act's statute of limitations. *See* Dkt. No. 12. Petitioner filed a reply brief, *see* Dkt. No. 17, and both habeas petitions have been consolidated for consideration at the request of Petitioner and Respondent, *see* Dkt. Nos. 19, 20, & 21.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

The Supreme Court has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). However, the actual innocence gateway is only available to a movant who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

**Analysis**

Petitioner pled guilty to arson and unlawful possession of a firearm and was sentenced to concurrent terms of eight years of imprisonment on January 22, 2010. No appeal was taken. Therefore, the judgment in each case became final for limitations purposes 30 days thereafter – on February 22, 2010. *See* TEX. R. APP. P. 26.2(a)(1) (notice of appeal in criminal case must be filed within 30 days after sentence is imposed or suspended).[1]

---

[1] The 30th day after judgment was entered fell on Sunday, February 21, 2010. As a result, Petitioner was permitted to file the notice of appeal by the following

Petitioner submitted his first set of applications for state post-conviction relief no earlier than July 17, 2012. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (a prisoner's state habeas application is "deemed filed at the time [it is] delivered to prison authorities"). Those applications were denied on October 17, 2012. *See Ex parte Potter*, WR-78,282-01 & WR-78,282-02 (Tex. Crim. App. Oct. 17, 2012). His second set of state habeas petitions were submitted no earlier than December 18, 2012 and dismissed on March 6, 2013. *See Ex parte Potter*, WR-78,282-03 & WR-78,282-04 (Tex. Crim. App. Mar. 6, 2013). Petitioner then submitted these two habeas petitions for mailing to federal district court on May 28, 2013.

The AEDPA statute of limitations started to run on February 22, 2010, when Petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period was not tolled during the pendency of any of his four state habeas petitions because each was filed more than one year after Petitioner's conviction became final. *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired"). His federal habeas applications are therefore untimely by over 27 months.

In his habeas applications, memoranda of law, and reply brief, Petitioner claims that certain evidence discovered in February 2012 – namely a fire department report that indicates that the fire did not spread beyond the garage – establishes that he is

---

Monday, February 22, 2010. *See* TEX. R. APP. P. 4.1(a).

actually innocent of the charges of conviction. *See* Dkt. No. 3 at 9; *see also* Dkt. No. 4 at 1-3; Dkt. No. 17 at 8-11. Petitioner further urges that he was never informed of the elements of both offenses, that the evidence – other than his extra-judicial confession to the arson – was insufficient to establish his guilt, that his attorney failed to investigate and raise claims of self-defense, that the prosecutor withheld exculpatory evidence, and that he had no motive to commit arson. *See* Dkt. No. 4. Petitioner also argues that the prosecutor withheld evidence of the true ownership of the vehicle in which the firearm was discovered. *See Porter v. Stephens*, No. 3:13-cv-4032-D, Dkt. No. 5 at 2. In sum, Petitioner claims that newly discovered evidence would support his claim that he started the fire in self defense when his home was invaded by armed attackers, that the fire did not spread and did not result in an insurance claim, and that the vehicle in which he fled his home and the firearm within that vehicle were actually owned by his mother. He states that the stipulations of evidence he signed in each case do not constitute confessions to the crimes of conviction and that, due to poor representation, he had no idea that his conduct did not satisfy the elements of each offense. *See* Dkt. No. 17 at 8.

However, none of the arguments or exhibits provided by Petitioner constitute "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial" – that is, new evidence sufficient to persuade the district court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt'" – such that the AEDPA's limitations period is overcome. *McQuiggin,* 133 S. Ct. at 1928, 1936 (quoting *Schlup*, 513 U.S. at 329). Evidence that the fire was confined to the

garage, that the home's insurance policy was invalid, and that the vehicle belonged to his mother simply does not constitute sufficient proof of Petitioner's actual innocence of arson and unlawful possession of a firearm so as to overcome the AEDPA's statute of limitations. Neither – whether taken individually or together with all of the evidence and arguments that Petitioner offers – do Petitioner's arguments regarding his knowledge of the elements of the crimes, his self-defense theory or alleged lack of motive, the allegedly conflicting evidence regarding ownership of the firearm and vehicle in which it was located, or his apparent collateral attacks on his stipulations of evidence and extra-judicial confession.

Insofar as Petitioner's arguments and evidence are truly directed to alleged constitutional violations in the state court proceedings, and not to his "actual innocence," those arguments and evidence cannot overcome the AEDPA's limitations bar. *Id.* (internal quotation marks omitted). *McQuiggin* requires that Petitioner first come forward with "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error," and, if Petitioner does so, the Court can then disregard the limitations bar in order to consider the merits of the claims of violations of federal constitutional rights that Petitioner raises in his otherwise time-barred petition. *See id.*

Here, without proof of actual innocence or a basis for equitable tolling, Petitioner's untimely writs must be dismissed.

## Recommendation

Petitioner's applications for writ of habeas corpus, docketed in Case Nos. 3:13-cv-2071-D-BN and 3:13-cv-4032-D-BN, should be dismissed with prejudice because they are barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 18, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE